**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-2073**

─────────────

DAVID HOWARD PLOTKIN,

Plaintiff - Appellant,

v.

MONTGOMERY COUNTY PUBLIC SCHOOLS,

Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:17-cv-00571-TDC)

─────────────

Submitted:  September 12, 2023                    Decided:  November 3, 2023

─────────────

Before KING and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

David Howard Plotkin, Appellant Pro Se.  Emily Rachlin, Office of the General Counsel, MONTGOMERY COUNTY PUBLIC SCHOOLS, Rockville, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Plotkin appeals the district court's order granting judgment on the pleadings to Montgomery County Public Schools ("MCPS") and concluding that Plotkin's son, O.P., received a free appropriate public education ("FAPE") in mathematics during the third grade. On appeal, Plotkin argues that because MCPS did not fully implement O.P.'s Individualized Education Plan ("IEP"), O.P. was necessarily deprived of a FAPE. For the following reasons, we affirm.

The Individuals with Disabilities Act ("IDEA") offers federal money to states in exchange for a commitment to provide a FAPE to all children with certain disabilities. *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 158 (2017). "A FAPE means special education and related services that are (1) without charge, (2) meet the standards of the state educational agency, (3) include the appropriate level of education in the state involved and (4) are provided in conformity with an [IEP] as required by the IDEA." *K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 784-85 (4th Cir. 2022) (internal quotation marks omitted). The IEP is "the primary vehicle for ensuring the student receives a FAPE." *Id.* at 785.

"In IDEA cases, we conduct a modified de novo review, giving due weight to the underlying administrative proceedings." *R.F. ex rel. E.F. v. Cecil Cnty. Pub. Schs.*, 919 F.3d 237, 244 (4th Cir. 2019) (internal quotation marks omitted). Giving "due weight" means that "findings of fact made in administrative proceedings are considered to be prima facie correct, and if a reviewing court fails to adhere to them, it is obliged to explain why." *MM ex rel. DM v. Sch. Dist. of Greenville Cnty.*, 303 F.3d 523, 531 (4th Cir. 2002). If the

administrative findings of fact are not regularly made, however, they are not entitled to deference. *Cnty. Sch. Bd. of Henrico Cnty. v. Z.P. ex rel. R.P.*, 399 F.3d 298, 305 (4th Cir. 2005). "Factual findings are not regularly made if they are reached through a process that is far from the accepted norm of a fact-finding process." *Id.* (internal quotation marks omitted). In all cases, however, "the ultimate decision as to whether the state has complied with the IDEA is an independent decision made by the district court." *R.F.*, 919 F.3d at 245 (internal quotation marks omitted). Even so, when "making this independent decision, courts should not substitute their own notions of sound educational policy for those of the school authorities which they review." *Id.* (internal quotation marks omitted).

"Whether a state has violated the IDEA has procedural and substantive components. Procedurally, the state must comply with the stated requirements of the IDEA. Substantively, the state must offer the child a FAPE." *Id.* (internal citation omitted). "A procedural violation of the IDEA may not serve as the basis for recovery unless it resulted in the loss of an educational opportunity for the disabled child." *T.B., Jr. ex rel. T.B., Sr. v. Prince George's Cnty. Bd. of Educ.*, 897 F.3d 566, 573 (4th Cir. 2018) (internal quotation marks omitted). A procedural violation "that did not actually interfere with the provision of a FAPE is not enough. Rather, the procedural violation must have caused substantive harm. Specifically, the prospect of recovery for a procedural violation of the IDEA depends on whether the student's disability resulted in the loss of a FAPE." *Id.* (internal citation and internal quotation marks omitted). At base, the IDEA "requires an educational program reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F.*, 580 U.S. at 403.

3

First, we conclude that the administrative law judge's ("ALJ") findings were regularly made. Therefore, we consider the ALJ's findings to be prima facie correct. We further agree with the district court that MCPS' failure to adhere to the IEP constitutes a procedural violation of the IDEA.

Plotkin argues that O.P. was denied a FAPE because his IEP was not properly implemented. However, the record shows that O.P. received satisfactory marks in the classroom, that O.P.'s test scores improved more than the average student's scores, and that O.P.'s overall test scores were negatively impacted by his anxiety during testing. On this record, we conclude that the district court did not err in holding that O.P. was not denied a FAPE.

Accordingly, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4